IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| Derrick Scott, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO. 2019 - 1038 |
| | * | |
| ILA Local 140 International | * | |
| Longshoremen's Association | * | |
| and Mark Bass, * | | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW, the Plaintiff, by and through the undersigned counsel, and states the following to this Honorable Court as a Complaint against the above named Defendants:

### PARTIES and JURISDICTION

1. The Plaintiff, Derrick Scott, is a citizen of the State of Alabama, and a resident of Mobile County, and was a member in good standing of the ILA Local 1410 of the International Longshoremen's Association.

2. Upon information and belief, Defendant, ILA Local 1410 of the International Longshoremen's Association, is a labor organization located in Mobile County Alabama, and is a division of the South Atlantic and Gulf Coast District of the International Longshoremen's Association, a division of the International Longshoremen's Association, AFL-CIO.

3. Upon information and belief, Mark Bass is the president of Defendant ILA Local 1410 and a citizen of the State of Alabama.

4. This matter is brought under the Labor-Management Reporting and Disclosure Act (LMRDA) 29 U.S.C. 411(a)(5).

## FACTS

5. On or about January 4, 2019, the Plaintiff, while a member of Local 1410, was involved in a minor incident of horseplay in a warehouse while on a break with another Union Member.

6. The Plaintiff returned to work on January 7th and 8th, and worked without incident.

7. On January 9th, 2019, the Plaintiff again returned to work, and was told to leave by Defendant, Mark Bass, the President of the Local 1410.

8. On January 10th, the Plaintiff returned to the hiring center to discuss the previous day's expulsion by Mark Bass. Mark Bass again told the plaintiff to leave and took his cell phone number for the purposes of informing him when he could return to work.

9. Thereafter, the Plaintiff heard nothing and received nothing from Mark Bass or the Union until January 17, 2019 when he went to the hiring center to pick up his paycheck. At that time, on January 17, 2019, the plaintiff was shown an email from Sherrie O'Shea, an employer representative, which read:

> "Please be advised that the parties agree that Derrick Scott #848998, is permanently suspended from employment. Mr. Scott is not allowed on Hiring Center property.
> Regards,
> Sherrie O'Shea"

10. The Plaintiff was not allowed a copy of this email or given any other document or explanation. He was provided no explanation, nor given any written specific charge.

11. The next day, on January 18th, the Plaintiff returned to the hiring hall again to deliver a written grievance in an attempt to return to work. At that time, on January 18th, 2019, the Plaintiff was hand delivered a letter dated January 17, 2019 which read as follows:

**Re: Permanent Eligible for Hire** (sic)

   This letter is to serve as notification, that due to the seriousness of the matter that took place on January 4, 2019, the parties conducted an investigation and an expedited hearing on the matter. It was agreed by the parties, that you were in violation of **Article 13 Misconduct on the Job** and **Article 22 Safety, (Listening Devices and Video/photographic Devices).** It was concluded that, as pursuant to **Article 13** "for just cause", that you are hereby permanently ineligible for hire by any ILA Employer. Also, at the request of the Port Authority, you are band

2

(sic) from the hiring center properties and requested to turn in your Port Authority badge to ILA Local 1410. Please be advised of your rights to file a grievance under **Article 5 Disputes and Arbitration** of the CBA, to appeal this decision.

Regards.

Mark F. Bass, President

ILA Local 1410"

12. This letter was the first notice the Plaintiff received of any hearing after it had already occurred. Again, he had been provided no specific written charge.

13. Given that the Plaintiff did not feel properly represented by Local 1410 President Mark Bass, having just been informed he was permanent ineligible hire due to a hearing he did not know about, which he did not attend, where he was not represented, to determine his guilt over charges he was never provided, the Plaintiff requested that Vice-President of the Local 1410, Aaron Bracy, represent him going forward.

14. Thereafter, Mr. Bracy, the Vice President for the ILA Local 1410 attempted to get the Plaintiff another hearing but was told that since the Plaintiff had failed to attend the first hearing, there would not be a second.

15. Thereafter, the Plaintiff attempted multiple appeals within the Union and the National Labor Relations Board until he finally received correspondence dated October 28, 2019 stating "Please be advised that you are not a member of Local 1410 and therefore cannot file charges with this organization."

## Claim under LMRDA 29 U.S.C. Section 101(a)(5)

16. The Plaintiff adopts and incorporates the preceding paragraphs as if specifically set out herein.

17. Twenty-Nine U.S.C. Section 101(a)(5) of the Labor-Management Reporting and Disclosure Act of 1959 requires a union to provide certain enumerated procedural safeguards before it may suspend, expel or otherwise discipline a member. Its provisions are enforceable through civil suits brought by individual members in federal district courts such as the present case.

18. Specifically union members are not to be disciplined unless such member has been (A) served with written specific charges; (B) given reasonable time to prepare his defense; and (C) afforded a full and fair hearing.

19. The Defendants' conduct violates 29 U.S.C. Section 101(a)(5) in that i) the Plaintiff was never provided written specific charges; ii) the plaintiff was never given reasonable time to prepare his defense; iii) the plaintiff was never afforded a full and fair hearing, and as a result of these violations the Plaintiff has suffered damages.

Wherefore the Plaintiff demands compensatory damages against the Defendants including lost wages, damages for physical and emotional distress, all incidental and consequential damages, damages for stigmatization, punitive damages, and attorney fees, as well as future lost wages in amounts to be decided by the trier of fact and reinstatement to the union with full compensation for lost seniority.

### Abuse of Authority of Union Officer

20. The Plaintiff adopts and incorporates the preceding paragraphs as if specifically set out herein.

21. The acts of Mark Bass constitute an abuse of authority as a union officer in violation of his Union Responsibilities and Federal law. Mr. Bass colluded with the applicable employers to violate the Plaintiff's substantive due process rights, and to arbitrarily punish the plaintiff due to the Plaintiff's support of a political rival of Mr. Bass' within the union in violation of 29 U.S.C.S. Section 529 and 29 U.S.C.S. Section 411(a).

Wherefore, the Plaintiff demands compensatory damages against the Defendants including lost wages, damages for physical and emotional distress, all incidental and consequential damages, damages for stigmatization, punitive damages, and attorney fees, as well as future lost wages in amounts to be decided by the trier of fact and reinstatement to the union with full compensation for lost seniority.

**Plaintiff demands trial by jury on all claims to which he is entitled.**

/s/ BRIGG H. AUSTIN
BRIGG H. AUSTIN   (AUSTB2325)
Attorneys for Plaintiff

OF COUNSEL:
RAINEY, AUSTIN, P.C.
3737 Government Blvd., Suite 517
Mobile, Alabama 36693
(251) 433-8088
(251) 433-8011 (Fax)

**PLEASE SERVE DEFENDANTS AT VIA Certified Mail AT:**

Mark Bass
505 Dr. Martin Luther King Jr.
Mobile Al. 36603

ILA Local 1410
International Longshoremen's Association
505 Dr. Martin Luther King Jr.
Mobile Al. 36603

5